UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BART PESTARINO,<br><br>　　　　　　　　Plaintiff,<br>　v.<br>DANIELLE PESTARINO,<br>　　　　　　　　Defendant. | Case No. 3:25-cv-00082-MMD-CLB<br><br>ORDER |

**I.    SUMMARY**

Pro se Plaintiff Bart Pestarino sued his estranged wife Danielle Pestarino to block a Civil Protection Order ("CPO") from being renewed against him by a Washington state court. (ECF No. 1 at 3, 5.) Before the Court are an application for entry of default he filed against her (ECF No. 8) along with a motion for default judgment (ECF No. 9).[1] However, after reviewing these documents as well as the Complaint, the Court finds that it likely lacks subject matter jurisdiction over this case, lacks personal jurisdiction over Ms. Pestarino, an allegedly Canadian citizen residing in Canada, and even if this case did not present those clear jurisdictional issues, the Court abstains from hearing it under *Younger v. Harris*, 401 U.S. 37 (1971) and its progeny in any event. As further explained below, the Court will accordingly sua sponte dismiss this case without prejudice and deny the pending motions as moot.

///

///

---

[1]Plaintiff served Defendant himself, and has been serving subsequently filed documents himself, by mail, as well. (ECF Nos. 4 at 2-3, 8 at 6, 9 at 224, 12 at 2.) While it does not reach the issue because of the jurisdictional and abstention issues discussed in this order, the Court questions whether service was proper because Plaintiff served the Complaint and summons himself. (ECF No. 4 at 2-3.) "Any person who is at least 18 years old and not a party may serve a summons and complaint." Fed. R. Civ. P. 4(c)(2). But Plaintiff is, of course, a party.

## II.     BACKGROUND

The following facts are adapted from Plaintiff's form Complaint and the documents attached to it. Plaintiff is a resident of Carson City, Nevada, and Defendant is a resident of Vancouver, British Columbia, Canada. (ECF No. 1 at 1-2, 3.) Plaintiff checked the boxes for both federal question and diversity jurisdiction. (*Id.* at 3.) Under the federal question section of the Complaint, Plaintiff wrote:

> List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.
> U.S. Const. Art. VI, cl. 2 (Supremacy Clause), 2nd Amendment, 5th Amendment, 14th Amendment, 18 U.S.C. § 922(g)(8), 18 U.S.C. § 2265, Violence Against Women's Act (VAWA), 8 C.F.R. § 213a.2(f)(2), Convention of the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, signed at The Hague, the 15th of November 1965.

(*Id.*) Under the amount in controversy section of the alternative 'diversity jurisdiction' section of the Complaint, Plaintiff wrote:

> The amount at stake exceeds $75,000 because if Skagit County, Washington State (WA) Superior Court were to issue a Civil Protection Order (CPO), I could easily spend more than $75,000 on subsequent appeals for a matter in which WA jurisdiction never applied.

(*Id.* at 4.)

In the statement of claim section of the Complaint, Plaintiff alleges that he filed for divorce from Defendant in Carson City, Nevada in November 2024. (*Id.* at 5.) Then, on February 5, 2025, he received notice of a February 24, 2025, hearing on a CPO Defendant sought against him in the Superior Court of Skagit County, Washington. (*Id.* at 4.) Plaintiff contends that, were this CPO to issue, it would take away his Second Amendment Rights and violate his due process rights because he would have to give up his guns. (*Id.* at 5.) This is particularly the case because Plaintiff contends his guns could only be taken away in Nevada after a jury trial, and Defendant would not win that remedy in Nevada because Plaintiff is a "47 year-old Certified Public Accountant (CPA) with no criminal record, no pending charges, and no history of domestic violence[.]" (*Id.*) Plaintiff

otherwise alleges that Nevada is the proper venue for Defendant to seek the sort of CPO she is seeking against him in Washington. (*Id.*)

In the relief section of the Complaint, Plaintiff asks the Court "for a federal injunction to stop this unconstitutional lawfare[,]" along with his costs incurred in filing this case and sanctions under Fed. R. Civ. P. 11. (*Id.* at 5.) Plaintiff signed the Complaint on February 11, 2025, or before the CPO hearing in Washington was scheduled to occur. (*Id.* at 6.)

But from the documents Plaintiff attached to his Complaint, it in fact appears that Plaintiff is contesting the extension of an existing CPO instead of the entry of an initial CPO. Plaintiff filed a declaration with the Washington state court back on January 7, 2025, asserting that "Skagit County jurisdiction no longer applies for issuance of new orders in this case, to include issuance of a new one-year civil protection order, because none of the parties are residents of Washington State anymore." (*Id.* at 8.) The next exhibit to Plaintiff's Complaint confirms this, showing that the February 24, 2025, hearing that Plaintiff otherwise mentions in his allegations was to renew an existing CPO set to expire on March 15, 2025. (*Id.* at 12.) Plaintiff also attached a copy of Defendant's motion to renew the existing CPO, which appears to relate to the same hearing. (*Id.* at 20-22.)

The evidence Plaintiff attached to his Complaint otherwise indicates that this dispute stems from a separation proceeding in Skagit County, Washington with a 'date of last filing or court decision' of July 2023. (*Id.* at 25.) Defendant asserts in that document (she signed it) that the November 2024 divorce case that Plaintiff filed in Nevada is a "second divorce proceeding[.]" (*Id.* at 26.)

Plaintiff filed the pending motions for entry of default and default judgment on March 10 and 18, 2025. (ECF Nos. 8, 9.) On March 21, 2025, Plaintiff filed an emergency motion to "[v]acate the unconstitutional order issued by Skagit County Superior Court without subject matter jurisdiction…" and proceeded to list three orders, including two whose titles suggest they are reissued or renewed CPOs, and an order on motion to restrict abusive litigation. (ECF No. 10 at 2.) Plaintiff incorrectly stated in that motion that the Court had already granted the pending default motions. (*Id.* at 1.) He otherwise stated

3

in the emergency motion that the Carson City Sheriff's Department contacted him about violating "Skagit court orders" the night before, and:

> was no contempt hearing or contempt orders issued. What kept me out of jail last night were the facts that here in 3:25-cv-00082, the honorable court entered default, and that my Motion for Default Judgment requested vacating the unlawful Skagit orders. I provided a statement to law enforcement, and the matter is currently before the District Attorney, case # 25-1629.

(*Id.* at 2.) Again, this is incorrect. The Court has not ruled on the default judgment motions. Regardless, the Court denied the emergency motion on March 24, 2025, noting its *Younger* concern. (ECF No. 11.)

There has been no activity in this case since then. Defendant has not appeared. But Plaintiff's default motions remain pending before the Court for resolution. (ECF Nos. 8, 9.)

**III.    DISCUSSION**

Default judgments are appropriate only in extreme circumstances. *See Lal v. California*, 610 F.3d 518, 525 (9th Cir. 2010). And "[w]hen entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) (citation omitted). The Court conducted that inquiry and is left with concerns as to whether it has either subject matter jurisdiction over this case or personal jurisdiction over Defendant.

It is difficult to accurately assess whether the Court has subject matter jurisdiction over this case because Plaintiff checked the boxes for both diversity and federal question jurisdiction. (ECF No. 1 at 3.) To the extent Plaintiff is asserting diversity jurisdiction and because it appears this case arises out of a divorce proceeding, the Court may lack jurisdiction over it under the family relations exception to federal jurisdiction if Plaintiff is effectively seeking "modification of a divorce, alimony, or child-custody decree[.]" *Bailey v. MacFarland*, 5 F.4th 1092, 1096 (9th Cir. 2021). Moreover, Plaintiff speculates in his

4

Complaint that the amount in controversy requirement is satisfied because he could "easily spend more than $75,000 on subsequent appeals" if the Washington state court were to issue a CPO against him. (ECF No. 1 at 4.) This allegation is too speculative to satisfy the amount in controversy requirement. *See Jackson v. Am. Bar Ass'n*, 538 F.2d 829, 831 (9th Cir. 1976) (finding that the amount in controversy requirement was not satisfied because, "[t]he rights listed by appellants here, however, appear to be intangible, speculative, and lack the capability of being translated into monetary value.").

To the extent Plaintiff is asserting federal question jurisdiction, "the domestic relations exception does not apply in federal question cases[,]" *Bailey*, 5 F.4th at 1095-9696 (9th Cir. 2021), and the amount in controversy issue identified above is irrelevant. Plaintiff both checked the federal question box (ECF No. 1 at 3) and appears to argue that the Washington state statutory scheme governing CPOs violates his federal Constitutional rights and perhaps other rights he has under federal law (*id.* at 5). In sum, it is at least unclear whether the Court has subject matter jurisdiction over this case. The Court might if this is a federal question case.

As for personal jurisdiction, the evidence before the Court is consistent with Plaintiff's own allegation that Defendant resides in Vancouver, British Columbia, Canada. (*Id.* at 3, 5, 8, 22, 27.) To the extent Defendant is purposefully availing herself of any forum in the United States, it is Washington state, in the sense that she has apparently been filing (or having filed on her behalf) documents to renew her CPO against Plaintiff in Skagit County, Washington. (*Id.* at 20-27.) There is no evidence before the Court that Defendant has lived in Nevada, lives there now, has travelled there, or is trying to sell a product into Nevada. The Court accordingly doubts that it has personal jurisdiction over Defendant. *See Walden v. Fiore*, 571 U.S. 277, 288 (2014) (finding that the District of Nevada lacked personal jurisdiction over a DEA agent who "approached, questioned, and searched respondents, and seized the cash at issue, in the Atlanta airport"); *cf. Burnham v. Superior Ct. of California, Cnty. of Marin*, 495 U.S. 604, 610 (1990) ("Among the most firmly established principles of personal jurisdiction in American tradition is that the courts

of a State have jurisdiction over nonresidents who are physically present in the State."); *see also McKeel v. Islamic Republic of Iran*, 722 F.2d 582, 589 n.10 (9th Cir. 1983) (noting that minimum contacts must exist for the assertion of jurisdiction against a foreign sovereign, though admittedly the *McKeel* court was talking about the Islamic Republic of Iran, and that long arm statutes generally do not authorize jurisdiction "when the only contact with the forum is an injurious consequence of an out-of-state act or omission."). And, "[a] judgment entered without personal jurisdiction over the parties is void." *In re Tuli*, 172 F.3d at 712. The Court accordingly cannot grant Plaintiff's default motions.

That said, even if further factual development of these issues somehow revealed the Court had subject matter and personal jurisdiction over this case, the Court still chooses to abstain from further entertaining it under the *Younger* abstention doctrine. "Family relations are a traditional area of state concern." *Moore v. Sims*, 442 U.S. 415, 435 (1979) (extending *Younger* to the family relations context of state proceedings to take temporary custody of children who were the suspected victims of child abuse). And thus, under *Moore*, the Court finds that Washington State CPO proceedings Plaintiff seeks to enjoin fall within one of the categories of cases to which the *Younger* abstention doctrine may apply.

The *Younger* abstention doctrine more specifically prevents federal courts from interfering with pending state civil proceedings that are: "(1) ongoing, (2) implicate important state interests, and (3) provide an adequate opportunity ... to raise constitutional challenges." *Herrera v. City of Palmdale*, 918 F.3d 1037, 1044 (9th Cir. 2019) (internal quotation marks and citation omitted); *see also Younger*, 401 U.S. 37. The Ninth Circuit also requires that "[t]he requested relief must seek to enjoin—or have the practical effect of enjoining—ongoing state proceedings." *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014) (citing *AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1149 (9th Cir. 2007)).

These factors are satisfied here as well. At the time Plaintiff filed his Complaint, the Washington State CPO proceedings were ongoing because he filed his Complaint on

1  February 11, 2024, seeking to block a hearing regarding a renewed CPO set for February
2  24, 2025. (ECF No. 1 at 4, 6.) The Court further finds Plaintiff seeks to enjoin ongoing
3  state proceedings because the gist of the Complaint is that he wants to prevent entry of
4  a renewed CPO against him by the Washington state court, as evidenced by his request
5  "for a federal injunction to stop this unconstitutional lawfare[.]" (*Id.* at 5.) Preventing
6  domestic violence is an important state interest. *See, e.g.*, *Fortson v. Los Angeles City*
7  *Attorney's Off.*, 852 F.3d 1190, 1193-94 (9th Cir. 2017) (describing it as such). And the
8  CPO proceedings Plaintiff seeks to enjoin are intended to prevent domestic violence.
9  (ECF No. 1 at 20 (indicating using the 'x' that the motion is for renewal of a domestic
10 violence protection order).) It also appears from Defendant's motion for a renewal of her
11 CPO against Plaintiff that Plaintiff has an adequate opportunity to raise constitutional
12 challenges to the Washington state CPO scheme in Washington state court because she
13 states therein that he has filed numerous appeals. (*Id.* at 21.) This is further evidenced
14 by a motion Plaintiff attached to his motion for default judgment that he appears to have
15 filed in the pertinent state court, where he raises similar alleged violations of his
16 constitutional rights to those that he raises in his Complaint. (ECF No. 9 at 52-57.) All the
17 *Younger* abstention doctrine factors are accordingly satisfied here.

18 In sum, the Court abstains from presiding over this case under the *Younger*
19 abstention doctrine, notwithstanding its substantial concerns about its jurisdiction over
20 this case also described above. The Court accordingly dismisses this case, in its entirety
21 but without prejudice, and denies the two pending default motions as moot.

22 **IV.   CONCLUSION**

23 The Court notes that Plaintiff made several arguments and cited to several legal
24 authorities not discussed above. The Court has reviewed these arguments and legal
25 authorities and determines that they do not warrant discussion as they do not affect the
26 outcome of the issues before the Court.

27 It is therefore ordered that this case is dismissed, in its entirety, without prejudice,
28 for the reasons explained herein.

It is further ordered that Plaintiff's application for entry of default (ECF No. 8) is denied as moot.

It is further ordered that Plaintiff's motion for default judgment (ECF No. 9) is denied as moot.

The Clerk of Court is directed to enter judgment accordingly and close this case.

DATED THIS 27th Day of April 2025.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE